UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAWN M. RODEN,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-239

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This is a Social Security disability benefits appeal for which the parties have consented to entry of final judgment. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 13), Plaintiff's reply (doc. 14), the administrative record (doc. 7),[1] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed for DIB on February 10, 2016 alleging disability as a result of a number of impairments including, *inter alia*, posttraumatic stress disorder ("PTSD"), dysthymic disorder, a depressive disorder, attention deficit hyperactivity disorder ("ADHD")/attention deficit disorder ("ADD"), and an anxiety disorder. PageID 59.

After an initial denial of her application, Plaintiff received a hearing before ALJ Michael F. Schmitz on October 27, 2017. PageID 74-107. The ALJ issued a written decision on December 22,

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

2017 finding Plaintiff not disabled. PageID 57-67. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform work at all exertional levels but with certain non-exertional limitations, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 61-67.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 46-48. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 57-67), Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 13), and Plaintiff's reply (doc. 14). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246

F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and

> RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in (1) weighing the medical source opinions; and (2) evaluating her credibility. Doc. 11 at PageID 607. Finding error in the ALJ's assessment of the treating physician opinion, the undersigned would direct that the ALJ consider Plaintiff's remaining argument on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th

Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[2]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, the record contains two opinions written by Plaintiff's treating psychiatrist, Douglas Songer, M.D. He diagnosed Plaintiff with PTSD, dysthymic disorder, and ADD. PageID 542. On March 3, 2017, Dr. Songer found that, due to her impairments, Plaintiff had "marked"[3] limitations in areas of concentration, persistence, or maintaining pace, including "the ability to ignore or avoid distractions while working"; in areas of adapting or managing oneself; in relating to and working with supervisors, co-workers, and the public; in the ability to focus attention on work activities and to stay on task at a sustained rate; and in the ability to regulate her emotions, control her behavior, and maintain well-being in a work setting. PageID 542-43. Dr. Songer ultimately determined that Plaintiff would

---

[2] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

[3] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

not be able to perform regular full-time work without missing work more than two times per month, being off-task 15% of the workday, or needing additional breaks due to her impairments. PageID 543.

On May 25, 2017, Dr. Songer authored a second opinion on Plaintiff's mental impairments. In this second opinion, he identified similar signs and symptoms, including "difficulty thinking or concentrating," "mood disturbances," and "hostility and irritability." *Compare* PageID 541 *with* PageID 560. Though there are some discrepancies in his second opinion, Dr. Songer continued to opine that Plaintiff had "marked" limitations in areas of concentration, persistence, or maintaining pace; in areas of adapting or managing oneself; in relating to and working with supervisors, co-workers, and the public; in the ability to focus attention on work activities and to stay on task at a sustained rate; and in the ability to regulate her emotions, control her behavior, and maintain well-being in a work setting. PageID 561-62. Dr. Songer also confirmed his opinion that Plaintiff would not be able to perform regular full-time work without missing work more than two times per month, being off-task 15% of the workday, or needing additional breaks due to her impairments. PageID 562.

The ALJ determined that Dr. Songer's treating opinions were not entitled to "controlling weight," but rather afforded "little weight to [his] opinions." PageID 64. In so doing, the ALJ found that

> [T]hese opinions are inconsistent with the medical record as a whole, including the claimant's mostly unremarkable reported symptoms to treating sources such as Dr. Songer, without evidence of hallucinations, delusions, obsessions, compulsions, cognitive disorder, current suicidal/homicidal ideation, or other serious issues, her positive response to psychiatric medications and treatment, and her mostly normal activities of daily living. Finally, there is no explanation for the change in functioning between the two assessments that were completed two months apart, with Dr. Songer concluding that the claimant was less limited in certain areas in the second assessment, and more limited in other areas.

*Id.* The undersigned finds multiple errors in the ALJ's assessment.

First, while the ALJ purports to contrast Dr. Songer's opinion against Plaintiff's "unremarkable" reported systems, the record does not support such an assertion. Indeed, Dr. Songer's treatment notes are replete with Plaintiff's subjective complaints and objective findings that are

6

consistent with his opinion. For example, Dr. Songer observed that Plaintiff had a depressed, anxious, or irritable mood and affect at nearly every treatment session. *See* PageID 497, 503, 507, 513, 516, 526, 527, 533, 536, 545, 550, 555, 566, 577, 583, 589, 592, 598. Dr. Songer also noted that Plaintiff "remains emotionally labile…[is] very verbally impulsive"; she "remains anxious, impulsive, volatile"; her "depression remains a major issue"; she is "easily distractible, very impulsive"; "too much contact even with family does not go well [and she] reacts poorly to environmental stimulus"; and she has an "irritable edge…exacerbated with social contacts." PageID 536, 545, 550, 555, 566, 575. In concluding that Plaintiff had no other "serious issues" the ALJ also seemingly overlooked that Plaintiff reported two different instances of road rage, one of which led to an arrest, and that her therapist recommended she take medical leave from her prior job to cope with her symptoms. PageID 431, 510, 545. Substantial evidence does not, therefore, support the ALJ's conclusion.

To the extent that the ALJ determined these findings were "unremarkable" or that only findings of "hallucinations, delusions, obsessions, compulsions, cognitive disorder, current suicidal/homicidal ideation" could support Dr. Songer's opinion, such conclusions also constitute error. PageID 64. The ALJ does not have the medical acumen to supplant his own judgment for that of Plaintiff's treating psychiatrist. *See Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (stating "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings"). Yet, the ALJ did so by disagreeing with Dr. Songer and unilaterally determining that only certain types of objective findings were "remarkable" or could support his suggested functional limitations.

The undersigned finds additional error in the ALJ's attempt to discount Dr. Songer's opinion as undermined by Plaintiff's alleged "positive response to psychiatric medications and treatment." PageID 64. While treatment did alleviate some of Plaintiff's symptoms, the record demonstrates that she nevertheless continued to suffer from distractibility, depression, and anxiety. Specifically, Dr. Songer's treatment notes state "Adderall seems to calm [her] a bit but not sufficiently when placed in

the wrong situation"; she "was doing well today but had a major meltdown yesterday"; "ADD symptoms helped by Adderall but distractibility and poor focus are daily issues"; "ADD medicine helps to a certain degree, but residual symptoms remain prominent"; "depression mostly well controlled, though can break down with minimal provocation"; a noted "depressed" mood despite that she "was doing well"; and "anxiety has dissipated to a large degree as well, but is far from absent." PageID 501, 533, 545, 550, 555, 575, 592.

Thus, the ALJ erred in selectively focusing on Plaintiff's improvement and in conflating her improvement with an ability to perform full-time work on a sustained basis. *Hawthorne v. Comm'r of Soc. Sec.*, No. 3:13–cv–179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000)) (An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position"); *Boulis-Gasche v. Comm'r of Soc. Sec*, 451 Fed. Appx. 488, 494 (6th Cir. 2011) (finding that "the word 'better'… did not provide the ALJ with substantial evidence from which to find that Plaintiff's mental impairment had subsided"); *McQueen v. Comm'r of Soc. Sec.*, No. 1:13–cv–88, 2014 WL 533496, at *9 (S.D. Ohio Feb. 11, 2014) ("There is no evidentiary basis for determining that plaintiff's depression and anxiety had 'improved' such that [the treating physician's] findings were no longer apt. Rather, review of the record demonstrates that plaintiff's mental impairments continued to fluctuate and manifest in significant symptomology"); *Sneed v. Comm'r of Soc. Sec.*, No. 2:12-15203, 2014 U.S. Dist. LEXIS 28997, at *51 (E.D. Mich. Feb. 3, 2014) (finding error where "[t]he ALJ failed to recognize that [Plaintiff] continued to have considerable difficulty with attention and concentration when taking her medications"); *Lovett v. Comm'r of Soc. Sec.*, No. 3:10-cv-443, 2011 U.S. Dist. LEXIS 131113, at *17-18 (S.D. Ohio Nov. 14, 2011) ("The ALJ also relied upon the fact that the treatment records indicated that Plaintiff 'improved and stabilized' which does not mean that Plaintiff was fully functioning and able to withstand the stress and pressures associated with regular work activity") (internal citations omitted). This is especially true considering the nature of mental health impairments

is fluctuating, and any improvement experienced by Plaintiff may have been fleeting. *Fithen v. Comm'r of Soc. Sec.*, No. 17-14222, 2016 WL 1281822, at *8 (S.D. Ohio Apr. 6, 2016) ("The Social Security regulations recognize that a claimant's level of functioning may vary considerably over time and that longitudinal evidence is required in the case of mental impairments").

Nor does Plaintiff's ability to perform daily activities undermine Dr. Songer's opinion. "[An] ALJ's focus on the claimant's ability to do certain activities in discounting the treating source's opinion does not constitute 'good reasons' for doing so when the claimant's testimony and other record evidence contradict the ALJ's finding." *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011); *see also Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 248 (6th. Cir 2007) (finding that activities such as driving, cleaning an apartment, caring for pets, reading, exercising, and watching the news "are not comparable to typical work activities"). Furthermore, "[t]he functional limitations of mental impairments are to be assessed" based on which activities the claimant can do "on a sustained basis." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013). That Plaintiff has "adequate skills in food preparation… [and] completing household chores… and performed painting and wood-working for stress reduction" does not constitute substantial evidence sufficient to undermine Dr. Songer's opinion -- that Plaintiff has marked limitations in, *inter alia*, areas of concentration, persistence, or maintaining pace. PageID 63-64.

Lastly, the ALJ finds reason to discredit Dr. Songer's opinion in the inconsistencies between his March and May opinions. PageID 64. The ALJ disregarded, however, that where Dr. Songer opined that Plaintiff had disabling limitations, his opinions remained consistent across the two opinions. Namely, in both opinions Dr. Songer concluded that Plaintiff had marked limitations in areas of concentration, persistence, or maintaining pace; in areas of adapting or managing oneself; in relating to and working with supervisors, co-workers, and the public; in the ability to focus attention on work activities and to stay on task at a sustained rate; and in the ability to regulate her emotions, control her behavior, and maintain well-being in a work setting. PageID 561-62. That Dr. Songer adjusted other

areas of functional abilities from "mild" impairments to "none," does not provide sufficient grounds to discount the entirety of his opinion. *Saunders v. Comm'r of Soc. Sec.*, No.: 3:14-cv-97, 2015 U.S. Dist. LEXIS 151641, at *16-17 (S.D. Ohio Sept. 8, 2015) ("Accordingly, the Court fails to find that this purported inconsistency constitutes substantial evidence in support of discounting the entirety of [the treating physcian's] opinion) (citing *Austin v. Astrue*, No. C—12-3349 EMC, 2013 U.S. Dist. LEXIS 66467, at *5 (N.D. Cal. May 9, 2013) (finding an ALJ's reliance on an insignificant inconsistency to discount the opinion of a treating physician was "misplaced").

Thus, in light of all the foregoing, the ALJ failed to provide "good reasons" for discounting the treating physician's opinion. *Blakley,* 581 F.3d at 406-07.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

**V.**

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date: 8/13/2019    s/ Michael J. Newman
　　　　　　　　　　　　　　　　　　　Michael J. Newman
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge